ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

CIVIL ACTION NO. _____

**KENNETH STOVALL**, (Sui Juris), Plaintiff,

V.

3-25CV1737-B

**322nd DISTRICT COURT OF TARRANT COUNTY**; JUDGE JAMES B. MUNFORD, in his personal and official capacity; JUDGE JEFFREY N. KAITCER, in his personal and official capacity; BRANDY MICHELLE AUSTIN, in her personal and official capacity; NIESHA WILHITE, in her personal capacity; CHERYL RAUSCHER; ASHLEY CONYERS TITLE IV-D PROGRAM, STATE OF TEXAS; TARRANT COUNTY, TEXAS; OFFICER JONATHAN WIMBERLEY, in his individual and official capacity; OFFICER DOUG WILLIAMS, in his individual and official capacity; **and all parties involved but not limited,**

Defendants.

## Summary

**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983, 18 U.S.C. §§ 1961-1968 (RICO), AND RELATED STATE AND FEDERAL CLAIMS**

**EMERGENCY MOTION TO STAY TO AVOID JUDGMENT**

**TITLE IV-D IS INCENTIVIZED UNDER 42 U.S.C. § 658A**

Plaintiff Kenneth Stovall ("Plaintiff"), appearing Sui Juris, hereby files this Complaint for damages and injunctive and declaratory relief under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and related provisions of the United States Code and the Texas Constitution.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), 1367 (supplemental jurisdiction), and 18 U.S.C. § 1964(c) (RICO).

2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the acts and omissions giving rise to the claims occurred in Tarrant and Denton Counties, Texas.

### II. PARTIES

3. Plaintiff Kenneth Stovall is a private citizen of the United States domiciled in Dallas, Texas.

4. Defendants include judges, attorneys, law enforcement, and government entities who acted under color of state law and in their individual and official capacities.

### III. STATEMENT OF FACTS

27. Plaintiff is a friend of the court, not an enemy. In the initial stages of the case, Defendant Niesha Wilhite falsely accused Plaintiff of drug use. Immediately following the court hearing, Plaintiff went directly to a certified lab across from the courthouse and submitted a hair follicle drug test, which came back negative—proving the accusation to be slanderous.

28. During courtroom proceedings, Defendant Brandy Austin opened Plaintiff's mail in open court. When Plaintiff objected, citing 18 U.S.C. § 1708 (Theft or receipt of stolen mail matter), Judge Munford, ignored the complaint. and judge Kaitcer allowed it.

29. Austin and Wilhite also falsely stated on the record that Plaintiff had multiple felony convictions. Plaintiff provided court-certified documentation proving he has no felony convictions. As an officer of the court, Austin had access to official criminal records and therefore knowingly made false statements, constituting perjury.

30. Wilhite accused Plaintiff of being abusive despite there being no police reports, CPS reports, or witnesses, and no corpus delicti (body of the crime). Plaintiff moved to dismiss for lack of corpus delicti, but Judge Kaitcer dismissed the motion, stating incorrectly that corpus only refers to a physical body.

31. Judge Kaitcer signed an emergency ex parte order without the presence or notification of Plaintiff. When Plaintiff was notified via email and appeared at court immediately thereafter, Judge Kaitcer plugged his ears and sang "la la la" to avoid hearing Plaintiff, then stated he could not proceed without the other party present.

32. However, when Plaintiff later filed a Motion to Abate, the same judge granted Brandy Austin three days to respond and proceeded to rule in her favor without acknowledging Plaintiff's abatement or unrebutted notarized affidavits.

33. These actions demonstrate a severe lack of judicial integrity, collusion with private parties, and systemic bias against Plaintiff.

34. Title IV-D violates the RICO Act (18 U.S.C. §§ 1961–1968) by using fraud, false documentation, and abuse of judicial process to extract payments from non-consenting parties without valid contracts or jurisdiction.

35. Title IV-D also violates the separation of powers doctrine by giving executive branch agencies judicial authority and incentivizing courts financially under 42 U.S.C. § 658a.

36. As established in Blessing v. Freestone, 520 U.S. 329 (1997), individuals do not have an enforceable right to compel compliance with Title IV-D. Yet courts are using it against Plaintiff as if it creates a private obligation.

37. In Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398 (1934), the Supreme Court held that states cannot pass laws that impair the obligation of contracts. Title IV-

38. does exactly that by enforcing administrative obligations on private citizens without their consent.

39. Plaintiff incorporates the Department of Justice's April 20, 2023 Dear Colleague Letter, which reiterates protections against unconstitutional deprivation of parental rights and due process, to further support this complaint.

40. Plaintiff further alleges that the Title IV-D program has used his personal information in violation of 28 U.S.C. § 1028, transmitting false late payment reports to Experian without any valid credit agreement, legal contract, or consent. Plaintiff never authorized or acknowledged the use of his private data in this way.

41. Plaintiff's sensitive information was used by Brandy Austin and the 322nd District Court in conjunction with Title IV-D to manipulate financial outcomes and punish Plaintiff administratively without due process or informed consent, in violation of federal privacy and contract laws.

42. Plaintiff alleges that coercion, duress, and threats were used to enforce payments and compel Plaintiff's appearance and compliance, further violating his constitutional and civil rights.

43. Article VI, Clause 2 of the United States Constitution, known as the Supremacy Clause, establishes that the Constitution and federal laws take precedence over state laws and state constitutions. The actions taken by Defendants in this case are in direct violation of this principle.

44. Plaintiff cites Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803), wherein the Supreme Court established the principle that a law repugnant to the Constitution is void, and courts have a duty to uphold the Constitution.

45. Plaintiff further asserts that the order the 322nd District Court attempted to enforce was not signed by the clerk thereof and lacked the official court seal, rendering it unenforceable and constitutionally deficient.

46. Plaintiff further asserts that the enforcement of child support obligations under Title IV-D constitutes a modern-day debtor's prison. The United States formally abolished imprisonment for debt under federal law. See 28 U.S.C. § 2007; Bearden v. Georgia, 461 U.S. 660 (1983) (holding that imprisonment for nonpayment without consideration of ability to pay violates the Fourteenth Amendment).

47. Plaintiff asserts that arrest without a grand jury indictment violates Article III, Section 1 of the United States Constitution. The Constitution mandates judicial authority in criminal prosecutions to be exercised with proper indictments and process.

48. Plaintiff also invokes the Full Faith and Credit Clause of the U.S. Constitution (Article IV, Section 1), which requires that court judgments and proceedings be honored across state lines and not arbitrarily or unlawfully enforced.

49. Plaintiff cites Minnesota Supreme Court rulings wherein aspects of child support enforcement were held unconstitutional when applied without due process or legal foundation.

50. Plaintiff seeks injunctive relief, compensatory damages, punitive damages, sole conservatorship of Kensson Stovall and Aviana Stovall, and declaratory judgment that the actions of the Defendants violated the U.S. Constitution, Texas Constitution, and federal statutory law.

51. Plaintiff further asserts that Officer Jonathan Wimberley and Officer Doug Williams failed to provide Plaintiff with Miranda warnings prior to placing him under arrest, in violation of Plaintiff's rights under the Fifth and Sixth Amendments of the U.S. Constitution, as established in Miranda v. Arizona, 384 U.S. 436 (1966). This failure deprived Plaintiff of his constitutional right to remain silent and to have counsel present during questioning.

    52. The officers stated that the Plaintiff fit the description of a person connected to a vehicle with an outstanding warrant. However, they acknowledged that the vehicle was registered to a female and that it was nighttime while Plaintiff was traveling approximately 60 miles per hour. There would have been no way to clearly identify Plaintiff to justify the stop. Plaintiff requested the officers produce the warrant, which they failed to do. Arrest without a warrant and probable cause violates the Fourth Amendment, and is prohibited by cases such as Payton v. New York, 445 U.S. 573 (1980).

    53 Upon questioning, Plaintiff asked both officers if they had taken an oath to uphold the United States Constitution. Both officers confirmed they had. Plaintiff informed them that by proceeding with the arrest, they were violating his constitutional rights.

    54. Despite Plaintiff's statements, the officers proceeded to arrest him without producing a valid warrant. Furthermore, the arrest occurred outside of the officers' jurisdiction, as they were from Denton County but arrested Plaintiff in Fort Worth, Tarrant County. Plaintiff dropped a GPS pin to document the location of the arrest as significant evidence. Extrajurisdictional enforcement without cooperation agreements may violate Texas Code of Criminal Procedure Art. 14.03(g).

    55. Plaintiff asserts that failure to obtain a grand jury indictment prior to initiating any criminal deprivation of liberty violates Article III, Section 2 and the Fifth Amendment to the U.S. Constitution. Further, jailing Plaintiff under Title IV-D without proper judicial procedure amounts to imprisonment for debt, which is prohibited under 28 U.S.C. § 2007 and Bearden v. Georgia, 461 U.S. 660 (1983).

56. Plaintiff seeks injunctive relief, compensatory damages, punitive damages, sole conservatorship of Kensson Stovall and Aviana Stovall, and declaratory judgment that the actions of the Defendants violated the U.S. Constitution, Texas Constitution, and federal statutory law.

Name: Kenneth Stovall
Signiture: [signature]
Date: 07/03/2025
Address: 2400 Bryan St. Apt 905
Dallas TX. 75201

U.S. Department of Justice
Civil Rights Division
Office of Access to Justice
Washington, D.C. 20530

April 20, 2023

Dear Colleague,

Subject: **Constitutional and Statutory Protections in the Enforcement of Child Support and Title IV-D Proceedings**

The Department of Justice writes to reaffirm the constitutional and statutory obligations of state courts and child support enforcement agencies participating in Title IV-D programs. Our office is concerned with reports of systemic violations of due process, equal protection, and the unlawful use of arrest or incarceration to enforce child support debts absent adequate legal safeguards.

I. Constitutional Due Process

Under the **Fourteenth Amendment** of the U.S. Constitution, individuals are entitled to due process of law before being deprived of liberty or property. In **Bearden v. Georgia**, 461 U.S. 660 (1983), the Supreme Court held that courts may not imprison individuals for failure to pay fines or fees without inquiring into their ability to pay. This principle extends to civil child support enforcement. Incarceration without a hearing and findings on the ability to pay violates this fundamental protection.

II. Prohibition Against Debtor's Prisons

Pursuant to **28 U.S.C. § 2007**, imprisonment for debt in civil cases is prohibited under federal law. The enforcement of Title IV-D obligations must not result in punitive incarceration for nonpayment alone, especially when no criminal conduct or fraud has been alleged.

III. Limits of Administrative Authority

Under **Article I, Section 1** and **Article III, Section 1** of the U.S. Constitution, the separation of powers requires that only properly constituted judicial bodies with jurisdiction can issue enforceable orders affecting liberty or property. Orders issued by administrative bodies without consent or contract—such as many Title IV-D determinations—may lack the force of law and violate constitutional rights.

Furthermore, **Blessing v. Freestone**, 520 U.S. 329 (1997), held that individual plaintiffs do not have enforceable rights under Title IV-D, clarifying that its provisions do not authorize private enforcement, yet state courts continue to act beyond the authority granted.

### IV. Privacy and Data Use

The use of private personal data, including Social Security numbers and financial information, without informed consent may violate **28 U.S.C. § 1028** and the Privacy Act of 1974. Reports of data being shared with credit reporting agencies or used to generate debt instruments without contracts or notification must be investigated.

### V. Coercion and Economic Threat

Allegations of duress, coercion, and threats of incarceration or loss of parental rights in order to extract payment from noncustodial parents raise serious due process and equal protection concerns. These tactics may be subject to scrutiny under federal civil rights laws including **42 U.S.C. § 1983**.

### VI. Recommendations

To prevent constitutional violations, state courts and Title IV-D agencies should:

- Ensure **judicial due process** is strictly followed before any adverse action is taken;
- Cease enforcement of child support orders **without proper judicial signatures or seals**;
- Provide clear records and evidence of ability to pay before issuing warrants or contempt citations;
- Honor requests for **grand jury indictment** or proper legal procedure when enforcing any incarceration;
- Investigate and cease any enforcement based on **fraud, misrepresentation, or perjury** by state actors or legal counsel.

The Department encourages all courts and agencies to conduct internal audits of Title IV-D enforcement practices and to consult with constitutional law experts to ensure compliance with all state and federal protections.

If you believe your rights have been violated under these provisions, you may contact the Department of Justice Civil Rights Division or submit a civil complaint in the U.S. District Court with supporting affidavits and evidence.

Sincerely,
**Kristen Clarke**
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice          submitted by: Kenneth Stovall on mon, June 30,2025

# AFFIDAVIT OF KENNETH STOVALL

United States District Court – Northern District of Texas

Plaintiff: Kenneth Stovall

Defendants: 322nd District Court of Tarrant County, et al.

Civil Action No.: [Insert Case Number]

*STATE OF TEXAS*
*COUNTY OF DALLAS*

BEFORE ME, the undersigned authority, personally appeared Kenneth Stovall, who being duly sworn, deposes and states under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My name is Kenneth Stovall. I am over the age of 18, of sound mind, and competent to make this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

2. I am a friend of the court, not an adversary. In the initial stages of my family court case, Defendant Niesha Wilhite falsely accused me of drug use. Immediately after the hearing, I submitted to a hair follicle test at a certified lab across from the courthouse. The test returned negative, proving the accusation to be slanderous.

3. During open courtroom proceedings, Defendant Brandy Austin unlawfully opened my mail. When I objected and cited 18 U.S.C. § 1708 (Theft or Receipt of Stolen Mail), Judge James Munford ignored my complaint and Judge Jeffrey Kaitcer permitted the conduct.

4. Both Austin and Wilhite falsely stated on the record that I had multiple felony convictions. I provided court-certified documents proving that I have no such convictions. These false statements constitute perjury, especially as Austin, a licensed attorney, had access to accurate court records.

5. Defendant Wilhite also accused me of abuse, despite there being no police reports, CPS findings, no medical records, or witnesses. I filed a motion to dismiss for lack of corpus delicti (body of crime), which Judge Kaitcer denied on an incorrect interpretation of the term.

6. Judge Kaitcer signed an emergency ex parte order without proper notice to me. When I arrived in court upon receiving notice, the judge literally plugged his ears and said, "la la la I'm not listening," refusing to hear me because the opposing party was not present.

7. When I later filed a Motion to Abate, Judge Kaitcer gave Attorney Austin three days to respond but refused to recognize my abatement motion or respond to my unrebutted, notarized affidavits.

8. These actions indicate collusion between the bench and private attorneys, a systemic denial of my rights, and a disregard for constitutional due process.

9. Title IV-D of the Social Security Act is being abused in this case. The program has been used as a financial instrument of coercion and retaliation, with the State of Texas acting under 42 U.S.C. § 658a, which incentivizes the judiciary to pursue child support enforcement even where jurisdiction, contract, or due process is absent.

10. Title IV-D violates the RICO Act (18 U.S.C. §§ 1961–1968) by operating as a racketeering enterprise using fraudulent documents, false credit reporting, and unlawful detainment to extract payments.

11. As held in Blessing v. Freestone, 520 U.S. 329 (1997), Title IV-D creates no individual enforceable rights. Yet the Defendants enforce it as if I had a binding contract, which I do not.

12. In Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398 (1934), it was ruled that states cannot impair private contracts. Title IV-D unlawfully imposes administrative obligations on me without my consent.

13. On April 20, 2023, the Department of Justice issued a "Dear Colleague" letter emphasizing the constitutional rights of parents. The violations against me directly contradict the DOJ's guidance.

14. My personal data was used without my consent to transmit false reports to Experian, in violation of 28 U.S.C. § 1028, damaging my credit without any lawful debt obligation or legal contract.

15. I was subjected to threats, coercion, and administrative orders enforced without jurisdiction or due process, all under the guise of family law.

16. Article VI, Clause 2 of the U.S. Constitution (Supremacy Clause) requires that federal law supersede these state court abuses.

17. Marbury v. Madison, 5 U.S. 137 (1803), affirms that any law repugnant to the Constitution is void. The actions taken in my case are void for this reason.

18. The child support order enforced by the 322nd District Court lacked a proper clerk's signature or seal, violating procedural due process.

19. The use of child support laws in this context constitutes a modern-day debtor's prison, expressly forbidden under 28 U.S.C. § 2007 and Bearden v. Georgia, 461 U.S. 660 (1983).

20. I was arrested without a grand jury indictment in violation of Article III, Section 1 of the U.S. Constitution.

21. The Full Faith and Credit Clause (Article IV, Section 1) is violated when administrative findings without legal process are enforced as if they were valid judgments.

22. The Minnesota Supreme Court and other jurisdictions have ruled that child support enforcement without due process is unconstitutional.

23. I seek injunctive relief, damages, and sole conservatorship of my children, Kensson Stovall and Aviana Stovall, and a full declaration of the constitutional violations that have occurred.

Further affiant sayeth not.

Executed on this 3rd day of July, 2025.

Signature _____

Kenneth Stovall
Sui Juris


Subscribed and sworn to before me on this ___ day of _____, 2025.

Notary Public's Signature_____

Printed Name_____

Commission Expiration Date_____

**LETTER EXPLAINING VENUE SELECTION**

Date: 07/3/2025

U.S. District Court for the Northern District of Texas
Dallas Division
1100 Commerce Street
Dallas, TX 75242

RE: Civil Action No. _____, Plaintiff: Kenneth Stovall

Dear Clerk of the Court,

I am writing to explain why this case has been filed in Dallas County instead of Tarrant County. This action was initiated in the Dallas Division because I, Kenneth Stovall, Sui Juris, am domiciled and reside in Dallas County, Texas. Given that my constitutional rights and fundamental liberties were violated while I was domiciled in Dallas County, and the impact of these violations continues to affect me in my home jurisdiction, it is appropriate and just to bring this action in this venue. Furthermore, this Court has jurisdiction under 28 U.S.C. § 1391(b), as substantial parts of the events and omissions giving rise to my claims occurred within this district, and my residence is in Dallas County.

Additionally, based on the doctrines of fundamental fairness and the pursuit of justice, filing in my home district promotes accessibility and efficiency in resolving these important matters. Therefore, I respectfully request that the case proceed in the U.S. District Court for the Northern District of Texas, Dallas Division.

Sincerely,

Kenneth Stovall

---

**LETTER REQUESTING WAIVER OF COURT FEES**

Date: 07/3/2025

U.S. District Court for the Northern District of Texas
Dallas Division
1100 Commerce Street
Dallas, TX 75242

RE: Civil Action No. _____, Plaintiff: Kenneth Stovall

Dear Clerk of the Court,

I am writing to respectfully request a waiver of the court fees associated with filing this civil action. Due to my current financial hardship, I am unable to pay these fees without undue burden. Enclosed is my Application to Proceed In Forma Pauperis, detailing my financial circumstances.

Given my financial status and my constitutional right to access the courts, I humbly request that the filing fees and associated costs for this action be waived. This will enable me to pursue this matter of significant public interest and personal importance without being denied my rights due to financial constraints.

Your consideration and assistance in this matter would be greatly appreciated.

Thank you for your attention to this request.

Sincerely,

Kenneth Stovall

JS-44

(COVER SHEET)



**I. (a) PLAINTIFFS**
Kenneth Stovall, Sui Juris
Dallas County, Texas

**(b) DEFENDANTS**
322nd District Court of Tarrant County;
Judge James B. Munford (individual and official capacity);
Judge Jeffrey N. Kaitcer (individual and official capacity);
Brandy Michelle Austin (individual and official capacity);
Niesha Wilhite (individual capacity);
Ashley Conyors (individual capacity and official capacity);
Cheryl Rauscher (individual capacity and official capacity);
Title IV-D Program, State of Texas;
Tarrant County, Texas;
Officer Jonathan Wimberley;
Officer Doug Williams

**(c) Attorneys (Firm Name, Address, and Telephone Number)**
(Sui Juris Plaintiff) Kenneth Stovall, Sui Juris
 mailing address: 2400 Bryan St. apt 905 Dallas, Tx. 75201
912-901-6206

---

**II. BASIS OF JURISDICTION (Check one box only)**

☐ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government not a party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

---

**III. CITIZENSHIP OF PRINCIPAL PARTIES (Diversity Cases Only)**
(For diversity cases only. Plaintiff and Defendant must be citizens of different states.)

**Plaintiff:**
☒ 1 Citizen of This State
☐ 2 Citizen of Another State
☐ 3 Citizen or Subject of a Foreign Country

**Defendant:**
☒ 1 Citizen of This State
☐ 2 Citizen of Another State
☐ 3 Citizen or Subject of a Foreign Country

**IV. NATURE OF SUIT (Check one box only)**
☒ 440 Civil Rights – Other
☒ 470 RICO
☒ 480 Consumer Credit
☐ 890 Other Statutory Actions
☐ 893 False Claims Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**V. ORIGIN (Check one box only)**
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District (specify)
☐ 6 Multidistrict Litigation – Transfer
☐ 8 Multidistrict Litigation – Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing:
42 U.S.C. § 1983; 18 U.S.C. §§ 1961–1968 (RICO); 28 U.S.C. § 1331

Brief description of cause:

Violations of civil rights, denial of due process, unlawful arrest, administrative fraud under Title IV-D, misuse of personal data, and RICO conspiracy.

## VII. REQUESTED IN COMPLAINT

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

☒ DEMAND $2,000,000+

☒ JURY DEMAND: ✓ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

Case Number: 322-742956-23

Judge: Hon. James B. Munford

Court: 322nd District Court, Tarrant County, TX

DATE: 07/03/2025

**SIGNATURE OF ATTORNEY OF RECORD:**

/s/ Kenneth Stovall (Sui Juris Plaintiff)